STATE USE CALHOUN COUNTY *v.* MARYMAN.

Opinion delivered February 24, 1930.

*Joe Joiner* and *Compere & Compere,* for appellant.
*Powell, Smead & Knox,* for appellee.

HUMPHREYS, J.   This suit was brought in the circuit court of Calhoun County, by appellant against appellee, to recover $2,500 which was paid to him out of the county funds on a post-dated check drawn in his favor by H. B. Easterling, county treasurer, to settle an individual debt which Easterling owed appellee, for borrowed money. It was alleged, in substance, that the county owed appellee nothing at the time the check for $2,500 was accepted and cashed by him; that the payment of said amount to him by Easterling out of the county's public moneys was without authority, fraudulent and unlawful; and that he knew the payment out of said funds was an unlawful and

wrongful conversion of the public funds of said county, its subdivisions and agencies.

Appellee filed an answer denying the material allegations of the complaint.

The cause was submitted to the court, without the intervention of a jury, upon the pleadings and testimony, which resulted in a finding of the issues for appellee and a consequent judgment that appellant take nothing in the suit, from which is this appeal.

The facts are undisputed. In the month of September, 1928, H. B. Easterling, county treasurer of said county, had wrongfully and fraudulently converted more than $2,500 of the county's money to his own use. In order to cover up his shortage in his settlement with the county court, Easterling applied to appellee, a friend with whom he had had considerable business dealings, for a personal loan for a few days of $2,500. Appellee did not know of Easterling's shortage, nor the purpose for which he was borrowing the money. Appellee agreed to lend him the amount requested, and it was arranged between them that Easterling would make a draft on appellee for the amount which appellee would honor, and, in repayment of same, Easterling, as treasurer of the county, gave appellee a post-dated check for $2,500, which check was to be held by him and cashed on a date agreed on for payment. Pursuant to this arrangement, Easterling made a draft on appellee for the amount, and deposited the draft in the Citizens' Bank of Thornton, Arkansas, to his credit, as county treasurer. This deposit was made on September 18, 1928. The post-dated check which Easterling gave appellee was drawn on the Hampton State Bank, and was signed "H. B. Easterling, County Treasurer," and was paid by the bank upon which it was drawn some time in September, 1928. Four months subsequent to that time Easterling's term of office expired, and shortly thereafter it was discovered that his shortage to the county amounted to over $23,000.

It is argued, in support of the judgment of the trial court, that appellee was an innocent purchaser for value of the post-dated check; and that, in addition, the county received the money which he loaned to H. B. Easterling. According to the undisputed facts appellee loaned the money to H. B. Easterling and not to the county. At the time Easterling deposited the money, which he had individually borrowed from appellee, in his account as treasurer, it was his money and not the money of appellee. Easterling paid the $2,500 to the county upon his shortage at that time, and it must be regarded as a payment by him, and not by appellee. Appellee could not have followed the money into the treasurer's fund and recovered same from the county. He had no right of action whatever against the county for the $2,500 which he loaned to Easterling as an individual. Appellee accepted payment of this individual loan to H. B. Easterling out of the public funds belonging to the county, although he had no claim whatever against the county at the time. The post-dated check was not issued for any indebtedness the county owed to appellee or any other person. It was issued directly to him in payment of Easterling's individual debt. The transaction was and is inhibited by § 2833 of Crawford & Moses' Digest, which is as follows:

"It shall be unlawful for any person or persons whomsoever to borrow or receive any public funds from any such officer, deputy, clerk or employee, knowing the same to be public funds, and for the purpose of converting or applying the same to his or their own use or benefit, or for the use or benefit of any other person or persons, or of any corporation."

The statute was passed to protect the public funds, and to interpret the statute as meaning that one in due course might accept a check thereon in payment of an individual debt against the custodian of the fund would render the statute nugatory.

The judgment of the trial court is therefore reversed, and, as the facts are fully developed, a judgment is directed to be entered here in favor of appellant against appellee for $2,500, and interest thereon from September, 1928, at the rate of six per cent. per annum.